## Richmond

### RICHARD ALLEN MURRAY

### v.

### COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 821253.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the
effective date of his retirement on March 2, 1983.

*George S. Webb, III (George S. Webb, III, Ltd.,* on brief), for appellant.
*Vicki A. Leonard, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

Charged in an indictment with possession of heroin and in a warrant with possession of drug paraphernalia, the defendant, Richard Allen Murray, was tried by a jury and convicted of both offenses. In accordance with the jury's verdicts, the defendant was sentenced to serve three years in the penitentiary on the heroin charge and twelve months in jail on the paraphernalia charge.

The record shows that the defendant and a companion, Julia Phillips, were arrested on August 24, 1981, in Prince William

County. The arresting officer found a multicolored bag in the bed of the pickup truck operated by the defendant. Inside the bag, the officer located a green purse, and in the purse he discovered a quantity of heroin and a hypodermic syringe and needle. The defendant admitted ownership of the heroin but made no statement concerning the syringe and needle.

This appeal concerns only the paraphernalia conviction and presents the single question whether the trial court erred in granting Instruction No. 5, which reads in pertinent part:

> You shall consider as evidence that the defendant possessed the hypodermic syringe and needle under circumstances which reasonably indicated an intention to use the same for purposes of illegally administering any controlled drug the close proximity of the hypodermic syringe and needle to any controlled drug.

The defendant contends that Instruction No. 5 impermissibly assumed the ultimate fact in issue, *viz.,* that he possessed the syringe and needle. The language of the instruction, the defendant maintains, "dictated a mandatory conclusion as to the issue of who possessed the drug paraphernalia" and ignored the proposition that his companion, Julia Phillips, "could have possessed the . . . paraphernalia."

We disagree with the defendant. We do not believe that the instruction is subject to the criticism he levels against it.

The defendant's drug paraphernalia conviction was obtained under Code § 54-524.109:1.[1] The gravamen of the offense

---

[1] § 54-524.109:1. **Possession or distribution of controlled paraphernalia; meaning of controlled paraphernalia; evidence; section inapplicable to certain persons.** — Except as authorized in this chapter, it shall be a misdemeanor for any person or persons to possess or distribute controlled paraphernalia which shall mean a hypodermic syringe, needle or other instrument or implement or combination thereof adapted for the administration of controlled dangerous substances by hypodermic injections under circumstances which reasonably indicate an intention to use such controlled paraphernalia for purposes of illegally administering any controlled drug, or gelatin capsules, glassine envelopes or any other container suitable for the packaging of individual quantities of controlled drugs in sufficient quantity to and under circumstances which reasonably indicate an intention to use any such item for the illegal manufacture, distribution, or dispensing of any such controlled drug. Evidence of such circumstances shall include but not be limited to close proximity of any such controlled paraphernalia to any adulterants or equipment commonly used in the illegal manufacture and distribution of controlled drugs such as but not limited to any of the following: scales, sieves, strainers, measuring spoons, staples and staplers, or procaine

created by this statute is the possession of controlled paraphernalia under circumstances which reasonably indicate an intention to use the paraphernalia for the purpose of illegally administering controlled drugs. The Code section provides that the close proximity of drug paraphernalia to controlled drugs is a circumstance to be considered in determining whether possession in a particular case is for the illegal purpose specified in the statute.

■ Instruction No. 5 merely explicated this circumstance for the jury. The instruction neither told the jurors that the defendant possessed the drug paraphernalia in question nor informed them that his alleged possession was for the illegal purpose proscribed by the statute.

It is true that Instruction No. 5 is inartfully drawn and requires a close reading to divine its real meaning. In Instruction No. 6,[2] however, the trial court told the jury in unequivocal terms that the burden was upon the Commonwealth to prove beyond a reasona-

---

hydrochloride, mannitol, lactose, quinine, or any controlled drug or any machine, equipment, instrument, implement, device or combination thereof which is adapted for the production of controlled drugs under circumstances which reasonably indicate an intention to use such item or combination thereof to produce, sell, or dispense any controlled drug in violation of the provisions of this chapter.

The provisions of this section shall not apply to persons who have acquired possession and control of controlled paraphernalia in accordance with the provisions of this article nor to any person who owns or is engaged in the breeding or raising of livestock, poultry or other animals to which hypodermic injections are customarily given in the interest of health, safety, or good husbandry; nor to hospitals, physicians, pharmacists, dentists, podiatrists, veterinarians, funeral directors and embalmers, persons to whom a permit has been issued, manufacturers, wholesalers or their authorized agents or employees when in the usual course of their business, provided that the controlled paraphernalia lawfully obtained continues to be used for the legitimate purposes for which they were obtained.

[2] In pertinent part, Instruction No. 6 reads as follows:

The defendant is charged with the crime of possession of controlled paraphernalia, a hypodermic syringe and needle. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that offense.

1. That the defendant did possess a hypodermic syringe and needle; and

2. That he did so under circumstances which reasonably indicated an intention to use the hypodermic syringe and needle for purposes of illegally administering any controlled drug.

If you find from the evidence that the Commonwealth has proven beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find him guilty . . . .

. . . .

If you find that the Commonwealth has failed to prove beyond a reasonable doubt either of the above elements of the offense, then you shall find the defendant not guilty.

ble doubt, first, that the defendant did possess the hypodermic syringe and needle and, second, that he possessed the paraphernalia for the illegal purpose of administering controlled drugs. Any confusion created by the inartful wording of Instruction No. 5 would have been dissipated by the clear language of Instruction No. 6, thus rendering harmless any error resulting from the drafting of the disputed instruction. *Wallen v. Commonwealth,* 134 Va. 773, 785, 114 S.E. 786, 790 (1922); *Sims v. Commonwealth,* 134 Va. 736, 754, 115 S.E. 382, 388 (1922).

■ It is also true that, by the use of the words "shall consider," Instruction No. 5 seemingly imposed a mandatory duty upon the jury to give consideration to the "close proximity" feature listed in the statute. But the statute itself speaks in mandatory terms, stating that evidence of circumstances tending to show an intention to use controlled paraphernalia illegally "*shall* include [the] close proximity of any such controlled paraphernalia to . . . any controlled drug . . . ." (emphasis added). Hence, it was not error to tell the jury that it should consider the "close proximity" feature of the evidence, especially since it was undisputed that the drug paraphernalia and the controlled drugs were in the same purse.

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*