COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference

PUBLISHED

RYAN BERKELEY ALLISON

                                        OPINION BY
v.      Record No. 0857-20-4          JUDGE MARY BENNETT MALVEAUX
                                        AUGUST 3, 2021
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Judge[1]

Paul D. Fore, Assistant Public Defender, for appellant.

Kendall T. Burchard, John Marshall Fellow (Mark R. Herring,
Attorney General, on briefs), for appellee.


Ryan Berkeley Allison ("appellant") was convicted of one count of possession of

controlled paraphernalia, in violation of Code § 54.1-3466.  On appeal, he argues the trial court

erred in denying his motion to dismiss and motions to strike because the evidence was

insufficient to convict him of the offense based upon his interpretation of the statute.  Appellant

further contends the trial court erred in denying his motion to dismiss and motions to strike

because Code § 54.1-3466(A)(i) does not provide a person of average intelligence a reasonable

opportunity to know what the law expects and its language encourages arbitrary and

discriminatory selective enforcement.  For the following reasons, we reverse and dismiss.

I.  BACKGROUND

"On appeal, we state the facts 'in the light most favorable to the Commonwealth, giving

it the benefit of any reasonable inferences.'"  Mitchell v. Commonwealth, 73 Va. App. 234, 239

---

[1] The Honorable Stephen E. Sincavage ruled on the motion to dismiss in this case.

(2021) (quoting Commonwealth v. White, 293 Va. 411, 413 (2017)). "In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth." Moreno v. Commonwealth, 73 Va. App. 267, 271 (2021).

On November 7, 2019, Deputy G.H. Butler of the Fauquier County Sheriff's Office attempted to serve a warrant for appellant's arrest.[2] Butler initially encountered appellant's mother, who told him that appellant had fled through the back door. A few moments later, Butler encountered appellant and arrested him.

When Butler searched appellant, he found a hypodermic syringe in an upper pocket of appellant's jacket. He testified that the syringe had an orange cap, was completely clean, and appeared to be "brand new." Butler also testified that when he found the syringe, appellant appeared surprised.

After Butler had informed appellant of his Miranda rights,[3] appellant agreed to speak with him. When Butler asked appellant about the syringe, he replied, "what about it." When Butler asked appellant if he was diabetic, appellant replied, "maybe." Butler then asked appellant if he was taking insulin, and appellant responded that he was not. Appellant told Butler that the jacket was old and that he had put it on because it was cold outside.

Following appellant's arrest, deputies used a K-9 to search the area for drugs but did not find any. The syringe, which was entered into evidence at trial, was not submitted to the Virginia Department of Forensic Science for examination.

Appellant was charged with possession of controlled paraphernalia, in violation of Code § 54.1-3466, and convicted in the Fauquier County General District Court. He appealed to the circuit court ("trial court").

---

[2] Pursuant to Rule 5A:8(c), appellant filed a statement of facts in lieu of a trial transcript.

[3] See Miranda v. Arizona, 384 U.S. 436 (1966).

Appellant filed a motion to dismiss in the trial court arguing, among other things, that Code § 54.1-3466 was unconstitutional and violated his due process rights because it was ambiguous and "should be read to require the hypodermic needle be found 'under circumstances that reasonably indicate an intention to use such controlled paraphernalia for purposes of illegally administering any controlled drug.'" (Quoting Code § 54.1-3466(A)(i)). The trial court denied appellant's motion.

At trial, appellant moved to strike after the Commonwealth presented its case-in-chief. He first argued that there was insufficient evidence that he had known the hypodermic syringe was in his possession. The trial court ruled that appellant had knowledge of the presence of the syringe.

Appellant next reiterated his ambiguity argument from his motion to dismiss and contended that according to the rule of lenity, the alleged ambiguity should be resolved in his favor.[4] The trial court rejected appellant's argument. It ruled that the statute was unambiguous and should be interpreted to mean that possession of a hypodermic syringe in and of itself constitutes a violation of Code § 54.1-3466—*i.e.*, that possession of such an item outside of any exception provided by the Drug Control Act is *per se* unlawful.

Lastly, appellant argued that the statute is unconstitutionally vague, and thus no person of ordinary intelligence would understand that possessing a clean hypodermic syringe may violate the law under Code § 54.1-3466. Further, he contended, the vagueness of the statute encourages arbitrary and discriminatory enforcement. The trial court rejected these arguments.

---

[4] See, e.g., Tanner v. Commonwealth, 72 Va. App. 86, 101 (2020) (noting that "the rule of lenity . . . requires that ambiguous penal statutes must be construed strictly against the Commonwealth" but that "this principle is limited to circumstances in which 'the language of the statute permits two *reasonable* but contradictory constructions'" (quoting Blake v. Commonwealth, 288 Va. 375, 386 (2014))).

After the trial court denied appellant's motion to strike, appellant declined to put on his own evidence. He then renewed his motion to strike. The court denied the motion.

The trial court convicted appellant of possession of controlled paraphernalia, in violation of Code § 54.1-3466. This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to dismiss and his motions to strike because the evidence was insufficient to support his conviction for possession of controlled paraphernalia, in violation of Code § 54.1-3466.

"When the sufficiency of the evidence is challenged on appeal, [this Court] must 'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Sarka v. Commonwealth, 73 Va. App. 56, 62 (2021) (alteration in original) (quoting Austin v. Commonwealth, 60 Va. App. 60, 65 (2012)). See also Code § 8.01-680. "This deferential standard 'requires us to discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn' from that evidence." Smith v. Commonwealth, 72 Va. App. 523, 532 (2020) (alteration in original) (quoting Green v. Commonwealth, 72 Va. App. 193, 200 (2020)). "This standard 'applies not only to the historical facts themselves, but [also to] the inferences from those facts.'" Green, 72 Va. App. at 200 (alteration in original) (quoting Clanton v. Commonwealth, 53 Va. App. 561, 566 (2009) (*en banc*)). "Further, '[t]o the extent our analysis of the sufficiency of the evidence requires us to examine the statutory language, we review issues of statutory construction *de novo* on appeal.'" Smith, 72 Va. App. at 532 (quoting Miller v. Commonwealth, 64 Va. App. 527, 537 (2015)).

Code § 54.1-3466 provides, in pertinent part, that except as otherwise authorized by the Drug Control Act, Code § 54.1-3400 to -3472, it is unlawful for any person to possess or

distribute "controlled paraphernalia." See Code § 54.1-3466(B) (prohibiting possession of controlled paraphernalia); Code § 54.1-3466(C) (prohibiting distribution of same). In turn, subsection A of the statute provides, in pertinent part, that

> [f]or purposes of this chapter, "controlled paraphernalia" means (i) a hypodermic syringe, needle, or other instrument or implement or combination thereof adapted for the administration of controlled dangerous substances by hypodermic injections under circumstances that reasonably indicate an intention to use such controlled paraphernalia for purposes of illegally administering any controlled drug . . . .

Code § 54.1-3466(A)(i).

Appellant argues that here, there was "a lack of circumstances that reasonably indicate [his] intention to use . . . controlled paraphernalia for purposes of illegally administering any controlled drug," and thus "the trial court should have granted [his] motion to dismiss and both motions to strike."[5] Inherent in this sufficiency argument is appellant's larger contention that the trial court erred in finding that the language of Code § 54.1-3466 is unambiguous and that knowing possession of a hypodermic syringe in and of itself constitutes a violation of the statute. Instead, appellant argues, the definition of "controlled paraphernalia" provided by Code § 54.1-3466(A)(i) is ambiguous and susceptible to both the trial court's interpretation and his alternate interpretation—that all types of "controlled paraphernalia" enumerated by Code § 54.1-3466(A)(i) require not only their possession to sustain a conviction, but that they be found under circumstances reasonably indicating the intent to use them to illegally administer controlled drugs. Appellant contends that the trial court should have applied the rule of lenity to construe the statute in his favor and required the Commonwealth to prove not only that appellant possessed the hypodermic syringe, but also that the circumstances surrounding his possession

---

[5] Appellant does not contest the trial court's finding that he had knowledge of the presence of the hypodermic syringe and acknowledges on brief that he "was found with a clean needle" in his possession.

reasonably indicated his intent to use the syringe for purposes of illegally administering a controlled drug. Because the Commonwealth adduced no such evidence of intent, appellant argues, the trial court erred in denying his motion to dismiss and motions to strike.

Although not initially briefed by the parties, we hold that Murray v. Commonwealth, 225 Va. 13 (1983), controls the resolution of this appeal. In Murray, the defendant was found in possession of heroin, a hypodermic syringe, and a needle. Id. at 15. He was convicted, among other things, for possession of drug paraphernalia under Code § 54-524.109:1, the predecessor statute to the statute at issue here, Code § 54.1-3466.[6] Id. On appeal, the defendant argued that the trial court erred when it instructed the jury, "You shall consider as evidence that the defendant possessed the hypodermic syringe and needle under circumstances which reasonably indicated an intention to use the same for purposes of illegally administering any controlled drug the close proximity of the hypodermic syringe and needle to any controlled drug." Id. at 15. He contended that the instruction "impermissibly assumed the ultimate fact in issue, *viz.,* that he possessed the syringe and needle" and "'dictated a mandatory conclusion as to the issue of who possessed the drug paraphernalia'" while ignoring the possibility "that his companion . . . 'could have possessed the . . . paraphernalia.'" Id. While opining that the instruction was "inartfully drawn," our Supreme Court rejected the defendant's argument, holding that

---

[6] Code § 54-524.109:1 provided, in pertinent part, that

> [e]xcept as authorized in this chapter, it shall be a misdemeanor for any person or persons to possess or distribute controlled paraphernalia which shall mean a hypodermic syringe, needle or other instrument or implement or combination thereof adapted for the administration of controlled dangerous substances by hypodermic injections under circumstances which reasonably indicate an intention to use such controlled paraphernalia for purposes of illegally administering any controlled drug . . . .

Murray, 225 Va. at 15 n.1 (providing the text of then Code § 54-524.109:1); see also 1988 Va. Acts ch. 765 (repealing Title 54 of the Code and recodifying its provisions under new Title 54.1).

The defendant's drug paraphernalia conviction was obtained under Code § 54-524.109:1. The gravamen of the offense created by this statute is the possession of controlled paraphernalia under circumstances which reasonably indicate an intention to use the paraphernalia for the purpose of illegally administering controlled drugs. . . . Instruction No. 5 merely explicated [such a] circumstance for the jury. The instruction neither told the jurors that the defendant possessed the drug paraphernalia in question nor informed them that his alleged possession was for the illegal purpose proscribed by the statute.

Id. at 15-16. The Court also considered an additional instruction that had been given to the jury,

holding that

In Instruction No. 6, . . . the trial court told the jury in unequivocal terms that the burden was upon the Commonwealth to prove beyond a reasonable doubt, first, that the defendant did possess the hypodermic syringe and needle and, second, that he possessed the paraphernalia for the illegal purpose of administering controlled drugs. Any confusion created by the inartful wording of Instruction No. 5 would have been dissipated by the clear language of Instruction No. 6 . . . .

Id. at 16-17. Thus, although it is a jury instruction case, it is clear from Murray's consideration

of the predecessor statute that appellant's interpretation of Code § 54.1-3466 is the correct one[7]:

---

[7] We note that this interpretation of Code § 54.1-3566 has been adopted by this Court in an unpublished opinion, Tomasinski v. Commonwealth, No. 1338-91-4 (Va. Ct. App. Oct. 13, 1992). In Tomasinski, the defendant was convicted of a number of offenses, including possession of "drug paraphernalia" under Code § 54.1-3466. Tomasinski, slip op. at *1. Cocaine and heroin residue were found in a car occupied by the defendant, along with several syringes. Id. at *2. However, the syringes did not contain any of the residue or other evidence of drug use. Id. The Court first held that the evidence was insufficient to support a factual finding of constructive possession of the drugs by the defendant. Id. Then, addressing the drug paraphernalia conviction arising from the presence of the syringes, the Court held that

because the evidence was insufficient to show that the defendant was aware of the presence and character of the [drug] residue found in other locations [in the car], one could not conclude beyond a reasonable doubt that the circumstances reasonably indicated "an intention to use such controlled paraphernalia for purposes of illegally administering any controlled drug." Code § 54.1-3466.

Id.

that is, to convict for possession of controlled paraphernalia, the Commonwealth must prove not only that an individual possessed a hypodermic syringe, a needle, or some other "instrument or implement or combination thereof" adapted for administering injections of controlled dangerous drugs, but also that the item in question was possessed "under circumstances that reasonably indicate an intention to use such [item] for purposes of illegally administering any controlled drug." Code § 54.1-3466(A)(i).

Upon request for supplemental briefing on Murray, the Commonwealth argued that when the General Assembly repealed Title 54 of the Code and recodified its provisions under Title 54.1, the addition of a comma after "needle" was a substantive change that "differentiates the current version of the . . . statute from its predecessor, negating Murray's effect on this appeal." Consequently, the Commonwealth argues, the language of Code § 54.1-3466(A) requiring proof of circumstances reasonably indicating an intention to use the paraphernalia at issue for purposes of administering a controlled drug applies only to the paraphernalia listed after that comma—*i.e.*, to "other instrument[s] or implement[s] or combination[s] thereof"—and not to either hypodermic syringes or needles. Code § 54.1-3466(A)(i). We are not persuaded by this argument. As noted above, at the time the Supreme Court decided Murray, the statutory language defined controlled paraphernalia as "a hypodermic syringe, needle or other instrument or implement or combination thereof . . . ." 225 Va. at 15 n.1. Thus, the addition of a further comma after "needle" in the recodified statute does not negate Murray's interpretation of the offense, because in Murray, the defendant possessed both a hypodermic syringe and a needle—items enumerated on either side of the comma extant in then Code § 54-524:109.1, and both of which the court indicated had to be found under circumstances reasonably indicating illicit intent in order to convict.

Applying <u>Murray</u> to the instant case, we conclude that the trial court erred in its application of Code § 54.1-3466 when it convicted appellant for possession of controlled paraphernalia based upon his mere knowing possession of a hypodermic syringe. It is clear from the record that the Commonwealth adduced no evidence of circumstances reasonably indicating that appellant intended to use the syringe in his possession to illegally administer a controlled drug, as required by the statute. Appellant did not have any drugs in his possession when he was arrested, and a K-9 search of the area surrounding the arrest did not locate any drugs. The syringe, according to Deputy Butler, was capped, clean, and appeared to be brand new. Further, the Commonwealth did not present any forensic evidence to indicate the presence of any drug residue in or on the syringe. Accordingly, the evidence was insufficient to support a conviction under Code § 54.1-3466 and the trial court erred in denying appellant's motion to dismiss and his motions to strike.[8]

### III. CONCLUSION

We hold that the trial court erred in denying appellant's motion to dismiss and his motions to strike. Accordingly, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>

---

[8] Given this resolution of appellant's first assignment of error, we do not reach appellant's second assignment of error arguing that Code § 54.1-3466 is unconstitutionally vague and that its language encourages arbitrary and discriminatory selective enforcement.